FILED
CLERK, U.S. DISTRICT COURT
MAY 20 2010
DISTRICT OF OREGON
PENDLETON, OR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

HOWARD LOWELL SWANTZ,

        Petitioner,        Civil No. 09-1161-SU

        v.        FINDINGS AND RECOMMENDATION

DON MILLS,

        Respondent.

SULLIVAN, Magistrate Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence dated January 2005, from Clackamas County Circuit Court Case No. 04-1884, after convictions for two counts of Sexual Abuse

1 - FINDINGS AND RECOMMENDATION

in the First Degree. Exhibit 101. Following a guilty plea, the court sentenced petitioner to a total of 120 months in prison. The Judgment was entered into the registry on February 2, 2005. Id.

Petitioner did not appeal his conviction. Petitioner signed a petition for post-conviction relief on January 8, 2007, but the court denied relief. Exhibit 115. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. The appellate judgment issued on October 6, 2009. Exhibit 120.

On September 30, 2009, petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his convictions on various grounds.

Respondent moves to deny relief and dismiss this proceeding on the ground that petitioner did not file his federal petition within the one year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d). Response to Habeas Petition (#7) p. 2. Respondent also notes that petitioner's state post conviction proceeding was still pending when petitioner filed his federal petition. This fact creates an exhaustion of remedies issue that "will require some

2 - FINDINGS AND RECOMMENDATION

resolution if the petition is deemed timely filed." Id. p. 1.

Statute of Limitations: Under 28 U.S.C. § 2244(d), a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus petition. The limitations period is tolled for properly filed state post-conviction or other collateral proceedings. Time elapsed after finality and before collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The judgment of conviction challenged in this proceeding was entered into the register on February 2, 2005. Even though petitioner did not directly appeal his convictions, pursuant to ORS 19.255(1) he had 30 days from the entry of the judgment to do so. Therefore, an additional 30 days should be added to the date of the final trial court judgment.

In Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999), the court held that criminal convictions are not final until the time has elapsed for seeking *certiorari* in the United States Supreme Court. However, in this case, petitioner could not have sought *certiorari* in the U.S. Supreme Court because he did not first petition Oregon's appellate courts. See, 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the

3 - FINDINGS AND RECOMMENDATION

highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari ..."). Thus petitioner is not entitled to the additional 90 days that a habeas petitioner would have to seek *certiorari* in the U.S. Supreme Court when they have properly presented federal claims to the state's appellate courts.

Thus, petitioner had one year from March 4, 2005, excluding any time during which a state post-conviction case, or other collateral remedy, was pending to file his federal habeas corpus petition.

Petitioner signed a petition for post-conviction relief(PCR), Exhibit 104, on January 8, 2007, but the court denied relief. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. The appellate judgment issued on October 6, 2009. Exhibit 120.

No time elapsed between the final judgment in the PCR proceeding and the filing of the federal petition - which was filed on September 30, 2009 - prior to the PCR appellate judgment. However, between March 4, 2005, the latest date on which petitioner could have filed a notice of appeal with the Oregon Court of Appeals, and January 8, 2007, the date on which petitioner filed the petition for post-conviction

4 - FINDINGS AND RECOMMENDATION

relief, 675 days accrued. As noted above, time elapsed after finality and before collateral filing counts against the year. Nino v. Galaza, supra. Therefore, the federal petition was not filed within the 365 day limitation period provided under §2244(d).

Petitioner argues that he was "not coherent to deal with appeal issues" during his first "40 months" in prison because he was "heavily medicated, severely depressed/suicide (and) non-functioning." Petitioner's Response (#10) p. 3. Petitioner further argues that due to his "mental/emotional state" (he) was not able to comply with ordinary responsible deadlines nor even be aware of appeal options and their timelines." (sic) Id. p. 4.

Respondent acknowledges that petitioner had been housed in the Special Management Unit (SMU) "between May and July 2005." Response to Habeas Corpus Petition (#7) p. 3, fn.1. However, as respondent argues, "the fact that he was housed in ... SMU did not inhibit him from timely filing his state post-conviction petition." Id.

The Ninth Circuit has stated that "equitable tolling" of the limitations period may be where "extraordinary circumstances beyond a prisoner's control make it impossible

5 - FINDINGS AND RECOMMENDATION

to file a petition in time." Roy v. Lampert, 465 F.3d 964, 950 (2006) (quotations and citations omitted). In order to establish entitlement to the equitable tolling of a limitations period, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).[1]

The petitioner must establish that the extraordinary circumstances actually caused the untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Gaston v. Palmer, 387 F.3d 1004, 1008 (9th Cir. 2004) [the extraordinary circumstances said to justify the equitable tolling must be the "but-for and proximate cause of the untimeliness"].

Equitable tolling is "unavailable in most cases," and the threshold for its application is "very high, lest the

---

[1] In Pace, the Supreme Court "assumed" the availability of equitable tolling under § 2254, noting "(w)e have not decided whether §2254(d) allows for equitable tolling." 127 S.Ct. at 1085; and n. 3. See also, Lawrence v. Florida, __U.S.__, 127 S.Ct. 1079, 1085 (2007)(specifically noting that it had not decided whether equitable tolling applies to untimely habeas petitions). See also, Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007).

6 - FINDINGS AND RECOMMENDATION

exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is invoked only sparingly, and does not toll a statute for "a garden variety claim of excusable neglect." Pace v. DiGuglielmo, supra at 418; see also, Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (for equitable tolling to be appropriate, external forces, rather than lack of diligence is needed). An inmate's ignorance of the law and lack of legal sophistication does not warrant equitable tolling. Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006). A petitioner claiming that the pursuit of a habeas claim was impaired by limited prison legal resources has the burden of demonstrating how the lack of access to legal resources prevented a timely filing. Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001).

In Shannon v. Newland, 410 F.3d 1083, 1089-1090 (9th Cir. 2005) the court noted: "Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials or, occasionally, by the petitioner's counsel." See also, Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).

Petitioner in this case has not produced any evidence that "wrongful conduct" by the state or an attorney prevented

7 - FINDINGS AND RECOMMENDATION

him from filing his federal petition. Although the "mental incapacities" allegedly impairing petitioner's ability to function are unfortunate, I find that they do not constitute extraordinary circumstances sufficient to justify equitable tolling of the limitations period.

Exhaustion of remedies: Petitioner filed his petition in this proceeding on September 30, 2009. The appellate judgment in petitioner's state post-conviction proceeding issued on October 6, 2009. Exhibit 120. Thus, petitioner had not exhausted state remedies prior to filing his federal petition as required by well settled law. See, 28 U.S.C. § 2254(b)(1) Rose v. Lundy 455 U.S. 509 (1982). Coleman v. Thompson, 501 U.S. 722 (1993); see also, James v. Borg, 24 F.3d 20, 24 (9th Cir), cert. denied, 115 S.Ct. 333 (1994); Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)("The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals.")

The court notes that in similar circumstances respondent has moved the court to dismiss the federal petition and "deem the petition re-filed" as of the date of the conclusion of the state PCR proceeding. Petitioner requests that the court do

8 - FINDINGS AND RECOMMENDATION

that in this case. Petitioner's Response (#10) p. 5.

Because I find the statute of limitations issue to be dispositive of petitioner's claims, it is not necessary to address the exhaustion issue. However, if petitioner's petition is to found to have been timely filed by virtue of equitable tolling or otherwise, I recommend that the petition be dismissed and "deemed re-filed" as of October 6, 2009.

<u>Summary:</u>  Petitioner's Petition (#2) should be denied on the ground it was not filed within the one year statute of limitation provided in 28 U.S.C. § 2244(d). This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

9 - FINDINGS AND RECOMMENDATION

waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  <u>See</u>, 28 U.S.C. § 2253(c)(2). This cause is not appropriate for appellate review.*

DATED this 20TH day of May, 2010.

Patricia Sullivan
United States Magistrate Judge